UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12319MLW

BARBARA J. BRADLEY,
MICHAEL BRADLEY,

        Plaintiffs,

v.

DAVID J. SUGARBAKER, M.D.

        Defendant.

## JOINT REPORT OF PARTIES' PLANNING MEETING

### I. Certification

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D. Mass.L.Civ.R. 16 the plaintiffs conferred with counsel for the defendant on or about August 23, 2010. The participants were attorney James Wilkinson for the defendant, Dr. David Sugarbaker, and Barbara and Michael Bradley, pro se plaintiffs.

The parties certify that they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and represent that no possibility of settlement exists at this time.

The following case management plan is proposed by the parties

### III. Description of the Case

#### A. Claims of the plaintiffs

The plaintiffs, wife and husband, bring this action against the defendant owing to the alleged malpractice of the defendant in performing a lung surgery upon the person of the plaintiff Barbara Bradley which was neither medically necessary or advisable and performed without the informed consent of the plaintiff, Barbara Bradley. The plaintiffs claim that the actions of the defendant breached the standard of care. The surgery was performed on December 17, 2004 and as a proximate cause of the surgery the plaintiff was left with a pneumothorax in her

lung cavity and a chronic aspergillus infection. The plaintiff spent from 2004 to 2009 with substantial periods of acute illness, repeated hospitalizations and surgeries in an effort to remedy her condition. She has been disfigured by the repeated surgeries, suffers chronic pain in her back and right arm, and, on information and belief, is consigned for the remainder of her life to take antifungal medication so potentially toxic to the liver and kidneys as to necessitate liver and kidney function tests periodically through the year. The aspergillus infection and surgeries eliminated her ability to work as a law librarian for the judicial department for the State of Connecticut and she is now deemed disabled by the social security administration.

Her ability to access and enjoy activities of daily living has been substantially compromised.

The plaintiff Michael Bradley has a claim for his loss of consortium.

### B. **Defenses of the defendant, David Sugarbaker, M.D.**

The defendant, Dr. David Sugarbaker, denies the material allegations of the Amended Complaint. Dr. Sugarbaker contends that his care and treatment of Barbara Bradley at all times comported with the standard of care for the average qualified physician practicing his specialty. Dr. Sugarbaker further asserts that nothing he allegedly did or allegedly failed to do caused or contributed to cause Barbara Bradley's alleged injuries.

Dr. Sugarbaker asserts that the plaintiff, Barbara Bradley, sought his care due to a concern that a mass in her lung was a cancerous lesion. After conducting appropriate testing and consultations with Barbara Bradley, the decision was made to remove the lesion. Dr. Sugarbaker asserts that Barbara Bradley was appropriately informed concerning the nature of the lesion, the level of uncertainty as to whether the lesion was a cancer, the nature of the procedure that would be performed, the contingencies that may occur during surgery and the risks and benefits of the procedure. Dr. Sugarbaker asserts that Barbara Bradley gave her consent to undergo the surgery after considering all of the information. Dr. Sugarbaker asserts that, although the lesion was determined to be non-cancerous after pathological analysis, the surgery, under the circumstances, was warranted. Dr. Sugarbaker asserts that Barbara Bradley, several months after the surgery, developed an infection that may have been a complication of the surgery.

2

Finally, Dr. Sugarbaker contends that Michael Bradley is not entitled to recover for any alleged loss of consortium.

**VI. Counsel certify that they have made a good faith effort to determine whether there are any material facts that are not in dispute. The parties represent that, at this time, all material facts are disputed.**

**V. <u>Case Management Plan</u>**

1. Discovery
   a. The parties have agreed to submit written discovery to the other side within sixty (60) days of the submission of this management plan, without prejudice.
   b. The parties have agreed to limit interrogatories to seventy five (75), without prejudice.
   c. The parties have agreed to complete depositions of non-expert witnesses no later than six (6) months after the completion of written discovery, as described in subpart (a). Nothing in this paragraph precludes the commencement of depositions at any time, including before written discovery is complete.
   d. The parties have agreed to disclose the opinions of expert witnesses who may be called to testify at trial within ninety (90) days of the close of the six (6) month period for the taking of non-expert depositions, as described in subpart (c).
   e. The parties have agreed to conduct the depositions of expert witnesses described in subpart (d) within ninety (90) days of their disclosure.
   f. Motions to amend pleadings shall be filed at the end of discovery.
   g. Dispositive motions are to be filed within sixty (60) days of the close of all discovery.

**VI. The plaintiffs consent to the referral of this case to a Magistrate Judge; the defendant does not consent to the referral of this case to a Magistrate Judge at this time.**

**VII. <u>Alternative Dispute Resolution</u>**

The plaintiffs are amenable to arbitration under certain conditions and to mediation if conducted with the defendant providing the cost of the mediator. The defendant is not amenable to arbitration at this time.

**VII. <u>Miscellaneous Issues and Agreements</u>**

3

The plaintiffs are currently appearing *pro se*. The defendant objects to the *pro se* plaintiff, Michael Bradley, acting as counsel for the pro se plaintiff, Barbara Bradley. The defendant will review any Motion to Appear *Pro Hac Vice* filed on behalf of Michael Bradley if it is submitted.

Michael Bradley is an attorney licensed to practice and in good standing in Rhode Island and Connecticut, and is a member of the Rhode Island and Connecticut federal bars as well as the First and Second Circuit Courts of Appeal.

The plaintiff, Michael Bradley, appearing *pro se*, intends to take depositions and engage in all the aspects of this litigation on his own behalf. The defendant contends that Michael Bradley cannot take depositions, conduct discovery on behalf of Barbara Bradley or appear at trial on behalf of Barbara Bradley.

The defendant will not consent to the use of the video deposition of Connecticut based health care providers in lieu of their appearance at trial based upon Federal Rule of Civil Procedure 45(b)(2)(B), an issue which needs to be addressed at the pre-trial conference.

The defendant agrees to accept duly executed health record authorizations from the plaintiff, Barbara Bradley, for all pertinent medical records in lieu of the provision of such records themselves; the defendant agrees to provide copies of all such medical records acquired, Bates-stamped and accompanied by a description of what has been provided.

The plaintiffs, not licensed as attorneys in the Commonwealth of Massachusetts, need to have the immediate ability to subpoena witnesses in conjunction with the taking of depositions and request that this concern be addressed at the pre-trial conference.

| The Plaintiffs, | The Defendant,<br>David J. Sugarbaker, M.D.<br>By his Counsel, |
|---|---|
| *[signature]*<br>Barbara Bradley, *pro se* | *[signature]*<br>James W. Wilkinson, Esquire<br>BBO # 544644<br>jwilkinson@charlesdunnlaw.com<br>Megan E. Hilson, Esquire<br>mhilson@charlesdunnlaw.com<br>BBO # 661113<br>DUNN & DUNN<br>One Union Street<br>Boston, MA 02108<br>(617) 523-2950 |
| *[signature]*<br>Michael Bradley, *pro se* | |

DATED: