UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA J. BRADLEY,            )
MICHAEL BRADLEY,               )
    Plaintiffs,            )
                           )
    v.                     )    C.A. No. 07-12319-MLW
                           )
DAVID J. SUGARBAKER, M.D.,     )
    Defendant.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                    December 21, 2010

There are several pending motions which must be addressed for this case to proceed.

On November 1, 2010, pro se plaintiffs Barbara J. Bradley and Michael Bradley filed a motion to disqualify me pursuant to 28 U.S.C. §455, and a supporting memorandum.  I am responsible for deciding the motion.  See In re United States, 666 F.2d 690, 695 (1st Cir. 1981)(recognizing that, in the context of a §455 motion, "the analysis of allegations, the balancing of policies, and the resulting decision whether to disqualify are in the first instance committed to the district judge.")

In essence, the Bradleys' assert that my recusal is required because of delay in 2008 in referring this case to a medical malpractice tribunal pursuant to M.G.L. §60C, because they were not issued requested subpoenas before a scheduling conference was held, and because they did not timely receive by mail the notice that the September 13, 2010 scheduling conference was cancelled.

Usually, an extrajudicial source of information is required to

establish that recusal is required under §455(b)(1) because of actual prejudice. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 5551 (1994). I do not know the parties and there is no suggestion that I have an extrajudicial source for any purported prejudice against the Bradleys.

Recusal because of actual prejudice under §455(b)(1) can be based on matters occurring in judicial proceedings only if "it is so extreme as to display clear inability to render fair judgment." <u>Id.</u> "In determining whether a judge must disqualify himself under 28 U.S.C. §455(b)(1), the question is whether a reasonable person would be convinced the judge was biased." <u>Hook v. McDane</u>, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under §455(b)(1) "is required only if bias or prejudice is proved by compelling evidence." <u>Id.</u> <u>Brokaw v. Mercer County</u>, 235 F.3d 1000, 1025 (7th Cir. 200). For the reasons described below, an informed, reasonable person would not question my ability to decide this case impartially, let alone be convinced that I am actually prejudiced against them.

The main thrust of the Bradleys' argument is that I should recuse myself pursuant to §455(a), which provides that a "judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[S]ubsection (a) requires recusal in some circumstances where subsection (b) does not." <u>Liteky</u>, 510 U.S. at 553 n.2. Often, but not always, an

2

extrajudicial source is necessary to require recusal under §455(a). Id. at 554. As with §455(b)(1), judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" under §455(a). Id. at 555.

"The test in [the First Circuit] for determining whether a judge's impartiality might reasonably be questioned is long established." United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996).

> [W]hether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man.

Id. (quoting United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977)) (emphasis added). "Thus, the disqualification issue must be analyzed from the perspective of 'an objective, knowledgeable member of the public.'" El Fenix de Puerto Rico v. M/Y JOHANNY, 36 F.3d 136, 141 (1st Cir. 1994) (quoting In re United States, 666 F.2d at 695); see also United States v. Salemme, 164 F. Supp. 2d 86, 92-93 (D. Mass. 1998).

In this case, a reasonable person would know that at the time that the Bradleys' request to refer this matter to a medical malpractice tribunal was pending, I had several hundred civil and criminal cases assigned to me, and duties as Chief Judge of the United States District Court to discharge as well. Therefore, many

matters were simultaneously competing for attention.

This case was transferred back to the District Court from the medical malpractice tribunal on June 21, 2010. A scheduling conference was mistakenly scheduled for the afternoon of September 13, 2010. That date conflicted with my duty to attend the Judicial Conference of the United States in Washington, D.C. On September 10, 2010, a notice of cancellation was sent electronically to defendant and mailed to the Bradleys, who evidently did not receive it in time to avoid traveling to Boston for the conference.[1]

In addition, my staff denied a request by the Bradleys for subpoenas because it is my practice to conduct a scheduling conference before permitting formal discovery to proceed.

The scheduling conference was rescheduled for November 23, 2010. I intended to address the Bradleys' motion to disqualify me at the conference. On November 22, 2010, the Bradleys filed a motion to postpone the conference in order to permit the First Circuit to decide their petition for a writ of mandamus directing me to disqualify myself in this case. I allowed the motion. The petition for such a writ was denied on December 15, 2010. See In re Barbara Bradley; Michael Bradley, No. 10-2444 (1st Cir. December 15, 2010).

---

[1]The Bradleys have not signed up to receive notices electronically through the CM/ECF system. Mr. Bradley, particularly, should be able to do so easily because he is a lawyer. The Bradleys' participation in the CM/ECF system should prevent any recurrence of problems of timely notice.

In the foregoing circumstances, a reasonable person would not question my impartiality. In support of their contrary contention, the Bradleys cite <u>United States v. Vasquez Botet</u>, 532 F.3d 37, 48 (1st Cir. 2008). However, in <u>Vasquez Botet</u>, the First Circuit upheld the judge's decision not to recuse himself in a case in which his wife had previously represented two of the witnesses. <u>See</u> <u>id.</u> at 47-49. If anything, that decision is consistent with the conclusion that my recusal is not required in this case. Indeed, the First Circuit cited <u>Vasquez Botet</u> in finding that, "the record [in this case] would not lead any reasonable observer to doubt the impartiality of the presiding judge." <u>In re Barbara Bradley; Michael Bradley</u>, No. 10-2444 (1st Cir. December 15, 2010).

"[U]nder §455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise has a duty to sit." <u>United States v. Snyder</u>, 235 F.3d 42, 46 (1st Cir. 2000). This rule exists, in part, because a judge should not be allowed to "abdicate in difficult cases at the mere sound of controversy." <u>In re United States</u>, 666 F.2d at 695. Therefore, as there is not a proper basis for my recusal, the Bradleys' request for my disqualification is being denied.

There is another threshold issue in this case. Defendants object to Mr. Bradley acting as counsel for his wife in this matter. <u>See</u> September 8, 2010 Joint Report of Parties' Planning Meeting at 4. Mr. Bradley is an attorney, but not a member of the

bar of the United States District Court for the District of Massachusetts. Pursuant to Rule 83.5.2(b) of the Local Rules of the United States District Court for the District of Massachusetts, Mr. Bradley may litigate this case pro se on his own behalf. However, if he is not a member of the bar of this Court, he must request and receive leave of court to represent his wife. See L.R. 83.5.3(b). Absent such authorization, she must cause a member of the bar of this Court to appear on her behalf or represent herself.

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiffs' Motion for Disqualification (Docket No. 29) is DENIED.

2. By January 22, 2011, (a) Michael Bradley shall move for leave to appear on behalf of Barbara Bradley pursuant to Local Rule 85.5.3(b) or; (b) Barbara Bradley shall either cause a member of the bar of this Court to appear on her behalf or file a statement that she will represent herself in this case.

3. A Scheduling Conference will be held on February 3, 2011, at 1:30 p.m.


                           /s/ Mark L. Wolf
                           UNITED STATES DISTRICT COURT

6