UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA BRADLEY and )
MICHAEL BRADLEY, )
    Plaintiffs, )
)
    v. ) C.A. No. 07-12319-MLW
)
DAVID J. SUGARBAKER, M.D., )
    Defendant )

MEMORANDM AND ORDER REGARDING RECUSAL

WOLF, D.J.                                                                                              October 26, 2012

    At the October 12, 2012 hearing I described my relationships with Michael Mone, Esq. and Dr. Gary Gottlieb, and responded to questions concerning them. I ordered the parties to consult their clients further and state whether in their respective views my recusal is required pursuant to 28 U.S.C. §455(b) because I am actually biased or pursuant to 28 U.S.C. §455(a) because my impartiality might reasonably be questioned. See Oct. 15, 2012 Order.

    In their responses, the parties agree that I am not actually biased and, therefore, my recusal is not required pursuant to §455(b). However, plaintiffs Barbara and Michael Bradley state that I should recuse myself pursuant to §455(a) because a reasonable person would question my impartiality and they do not wish to waive that ground for disqualification as permitted by 28 U.S.C. §455(e). The defendant does not agree that my recusal is necessary or appropriate pursuant to §455(a).

    Section 455(a) provides for the disqualification of a judge if

"his impartiality might reasonably be questioned." It "seeks to balance two competing policy considerations: first, that courts must not only be, but seem to be, free of bias or prejudice, and second, the fear that recusal on demand would provide litigants with a veto against unwanted judges." In re: Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001)(internal citations omitted); see also In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989), cert. denied, sub nom. ACW Airwall, Inc. v. United States Dist. Ct. For the Dist. of MA, 495 U.S. 957 (1990).

In deciding whether there is a factual basis for a reasonable person to doubt his impartiality, "the 'challenged judge enjoys a margin of discretion.'" In re United States, 441 F.3d 44, 56 (1st Cir. 2006) (quoting In re United States, 158 F.3d 26, 30 (1st Cir. 1998)); see also In re: Boston's Children First, 244 F.3d at 167 (the First Circuit "allow[s] district court judges a 'range of discretion' in the decision not to recuse" under §455(a)); In re Allied-Signal, 891 F.2d at 970 ("this court of appeals will allow the district judge 'a range of discretion' in making" recusal decisions under §455(a)). As the First Circuit has explained, district judges have such discretion because "'in many cases reasonable deciders may disagree.'" In re United States, 158 F.3d 26, 30 (1st Cir. 1998) (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981)).

The instant case is one in which there are competing

considerations and in which reasonable judges could disagree on whether a reasonable person would question my impartiality. Plaintiffs previously filed an unmeritorious motion seeking my disqualification. See Dec. 21, 2010 Memorandum and Order. Therefore, my recusal arguably might create the misperception that forum shopping is being rewarded. However, on October 12, 2012, I invited the parties to express their candid views on my possible recusal. I do not regard plaintiffs' statement of their views as an effort at forum shopping. The explanation of their objection to my continued participation provides information about the unique facts of this case of which I was previously unaware. See Statement Addressing the Recusal of the Presiding Judge Pursuant to His Order of October 15, 2012 (Docket No. 93). I now find that it is most appropriate that I exercise my discretion to disqualify myself.

I am now entering another Order addressing the pending motions in a manner agreed upon by the parties at the October 12, 2012 hearing in order to promote the progress of this case while a transition to another judge is made. I will, however, not participate further in this matter.

Accordingly, I hereby RECUSE myself pursuant to 28 U.S.C. §455(a). Therefore, this case shall be randomly reassigned.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE