UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BARBARA J. BRADLEY, et al. | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | Civil Action No. 07-12319-RGS |
| M.D. DAVID J. SUGARBAKER, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION TO COMPEL

November 14, 2012

SOROKIN, C.M.J.

Pending before the Court are discovery motions filed by the Plaintiffs and the Defendant. Each is addressed separately below.

I.   Defendant's Motion to Compel (Docket # 76, 80)

The Court has received and reviewed plaintiff Barbara Bradley's journal (i.e., five notepads and one section of printouts from a laptop computer). The Plaintiffs previously produced to the Defendant a redacted copy of the portion of the journal encompassing the period from November 1, 2004 to November 9, 2009. The Court also has reviewed that document in order to assess the propriety of the Plaintiffs' redactions.

The Defendant moves to compel: (a) all of Mrs. Bradley's journal/notes for the period from April 27, 2004 (the start of the journal)[1] to November 1, 2004; and (b) the redacted portions

---

[1] The first notebook of the journal also contains an undated entry that may well precede the April 27, 2004 start date. Nothing in that entry changes the Court's analysis.

of Mrs. Bradley's journal/notes for the period November 1, 2004 to November 9, 2009. In addition, the Court will consider whether to order the Plaintiffs to produce the portions of the journal dated after November 9, 2009. These portions of the journal were not referenced in the Plaintiffs' discovery response.

      A.      The Unproduced Portion of the Journal from 2004

This portion of the journal contains plainly relevant and discoverable material. It consists of summaries of various medical appointments as well as descriptions, by date, of Mrs. Bradley's medical condition. While the information precedes the malpractice alleged in the complaint, the Defendant is plainly entitled to discover Mrs. Bradley's medical condition before the surgery in order to assess whether the claimed injuries arise from the alleged negligence of the Defendant or predated, in whole or part, the surgery.

The Plaintiffs object to the Defendant's motion, contending that the Defendant seeks to review "entries that pertain to my relationships with my daughter and son, my husband's relationship with my daughter, my mother's medical issues, my relationship with my brother, and my impressions of this case." Docket #78 at 6. Whether or not these topics are discoverable, <u>nothing</u> in the journal from its inception on April 27, 2004 through November 1, 2004 concerns these or any other personal topics. This objection, therefore, is meritless as to this portion of the journal.

The Plaintiffs also contend that the Defendant never asked for this portion of the journal. Plaintiffs are incorrect. This portion of the journal falls squarely within the scope of the Defendant's document production requests. Specifically, the Defendant's very first Rule 34 request sought:

> Any and all written, recorded and/or transcribed statements and/or reports, signed or unsigned, of the plaintiff, relating in any way to the matters alleged in the plaintiffs' Complaint, which are in the possession, custody or control of said plaintiff or her attorneys.

Docket #78-3 at 1.

This portion of the journal falls squarely within the quoted request. It is a written statement or report, unsigned, describing Mrs. Bradley's physical and medical condition in the time period preceding the negligence alleged in the complaint; thus, it plainly relates to the claim in the complaint that the alleged negligence – not the previous accident – caused the Plaintiffs to suffer injury. The Defendant's Motion to Compel is ALLOWED regarding the entries from the inception of the journal until November 1, 2004.

B. The Redactions

Previously, the Plaintiffs produced Mrs. Bradley's journal for the period from November 1, 2004 to November 9, 2009. The Plaintiffs, however, redacted four portions of the journal. All four redacted sections are discussions of interactions between Mrs. Bradley, her husband, and her children. In light of the claims for emotional distress and loss of consortium, the redacted information is relevant and discoverable under Rule 26. In addition, producing the redacted portions will not expose Mrs. Bradley, her husband (also a plaintiff), or her children to "embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c)(1).

C. The More Recent Portions of the Journal

The Plaintiffs also produced for in camera review computer printouts of journal entries for the time period from March 27, 2009 to February 13, 2012. The portion beginning on

September 16, 2010 has not been produced to the Defendant.[2]  The Court has reviewed this portion and finds that it, too, contains relevant, discoverable information.  Accordingly, the Plaintiffs shall produce it.

II.     Plaintiffs' Motion to Compel (Docket #96)

In March of 2011, in response to a Rule 30(b)(6) subpoena served by the Plaintiffs on third party Brigham & Women's Hospital, all parties to this litigation received a 270-page Bates-stamped copy of the Mrs. Bradley's medical records.  Attorney Lavoie represented the Hospital.  Neither he nor his firm represents the defendant doctor in this malpractice action.  On August 16, 2012, during the deposition of a defense expert witness, the expert produced five documents from Mrs. Bradley's medical file that were not part of the Bates-stamped production.  The expert had obtained these documents from the doctor's liability insurer, according to defense counsel.  Defense counsel first learned of the discrepancy in the production of documents at a status conference on October 12, 2012, when the Plaintiffs' counsel raised the issue, and after discovery in this case had closed on September 14, 2012.

The documents in question, which neither party submitted to the Court, but which the Defendant helpfully summarized, are handwritten descriptions and diagnostic information concerning certain tissue samples that were sent to the lab for immediate evaluation during Mrs. Bradley's surgery.  According to the Defendant, "essentially all of the information" in these handwritten records, including that Dr. Zellos was the surgeon who ordered evaluation of the tissue samples, appears on two typed pages of documents that were included within the original Bates-stamped production.  The Plaintiffs, without leave of court, filed a reply in which they did

---

[2]There are no entries between November 9, 2009 and September 16, 2010.

not dispute this description of the records.  They do imply that the handwritten records contain a down-to-the-minute description of when the various tissue samples were sent to and from the lab.

On October 26, 2012, the Plaintiffs filed a motion to compel, seeking: (1) a court order permitting the Plaintiffs to depose the Hospital's record keeper regarding a variety of issues relating to her records, and requiring the Hospital to produce various documents and bills regarding the creation of the Bates-stamped production; (2) a court order requiring the Hospital's attorney to appear before this Court to "explain why the plaintiff was not given the records," and to identify every person involved "in any way" in the preparation of the records; (3) a court order permitting the Plaintiffs to depose (or redepose) the Defendant, Dr. Ducko, Dr. Zellos, and two nurses, with costs to be borne by Partners HealthCare; (4) an in camera inspection by the Court of the hospital record of a patient whose surgery was being conducted at the same time as Mrs. Bradley's surgery;[3] (5) an inspection of two operating rooms at the Hospital; and (6) an inspection of the tissue removed from Mrs. Bradley during her surgery.  In response to the motion, the Hospital attributes the missing documents to "an apparent photocopying error" and offers to provide "a complete certified copy of" the medical records to the Plaintiffs.

The Motion to Compel is DENIED.  As to Request 1, the denial is conditioned upon the Hospital producing a certified copy of Mrs. Bradley's medical records to counsel for both parties within seven days of this Order, if it has not already done so.  The Hospital shall bear the expense of this production.

As to Requests 2 and 3, nothing before the Court suggests the failure to produce the

---

[3] The Plaintiffs claim the Defendant left Mrs. Bradley's surgery to attend to the other, while the Defendant claims he went to the other surgery after completing the essential tasks in Mrs. Bradley's surgery.

documents is anything other than the inadvertent photocopying error described by the Hospital's counsel. All, or virtually all, of the information contained in the relevant documents was produced to the Plaintiffs via other documents in 2011. Dr. Zellos's role as the surgeon ordering the tissue samples was revealed by the original production. In short, the recently discovered documents seem barely new and not particularly significant. Indeed, the Plaintiffs made no effort to bring this issue to the Court's attention in the almost one month that elapsed between disclosure of the documents and the close of discovery. No evidence before the Court supports in any way the sweeping inquiry or de facto reopening of discovery sought by the Plaintiffs.

Requests 4 and 5 are untimely attempts to seek further discovery. Discovery is closed. Insofar as the Defendant's role in another surgery bears on the claims in this case, the Plaintiffs had the opportunity to explore this matter during discovery and did so. The Plaintiffs have not established why, at this late date, a sweeping review of an unrelated person's entire medical file, or a court-ordered tour of the Hospital's facilities, is necessary or warranted.

With respect to Request 6, the denial is WITHOUT PREJUDICE. While neither the parties nor the Hospital appear to object to a court order requiring production of the tissue samples, the Court has its own concerns. This is a five-year-old case in which discovery has closed and a firm trial date in early February has been established. The Court will not permit what appears to amount to a reopening of at least expert discovery when the Plaintiffs have not identified what type of inspection of Mrs. Bradley's tissue samples they seek, whether they anticipate any lab analysis of the samples and, if so, how long such analysis would take, or whether this inspection could result in a revision of expert reports and the like. The Plaintiffs may, within ten days of this Order, resubmit a request for an order to inspect the tissue samples,

provided that any renewed request addresses these and any other relevant issues.  If such a request is filed, the Defendant will be permitted to respond within ten days.

III.     Conclusion

For the foregoing reasons, the Defendant's Motion to Compel (Docket # 76, 80) is ALLOWED.  Plaintiff shall supplement its disclosures pursuant to this Order within seven days.  The Plaintiffs' Motion to Compel (Docket # 96) is DENIED.

SO ORDERED.

　　　／s／ Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

provided that any renewed request addresses these and any other relevant issues.  If such a request is filed, the Defendant will be permitted to respond within ten days.

III.    Conclusion

For the foregoing reasons, the Defendant's Motion to Compel (Docket # 76, 80) is ALLOWED.  Plaintiff shall supplement its disclosures pursuant to this Order within seven days.  The Plaintiffs' Motion to Compel (Docket # 96) is DENIED.

SO ORDERED.

　　　/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE