UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12319-RGS

BARBARA J. BRADLEY and
MICHAEL BRADLEY

v.

DAVID J. SUGARBAKER, M.D.

MEMORANDUM AND ORDER
ON DEFENDANT DAVID SUGARBAKER's MOTION IN LIMINE
SEEKING BIFURCATION OF CLAIMS

January 28, 2013

STEARNS, D.J.

In this medical malpractice case, plaintiff Michael Bradley, an attorney licensed in Rhode Island and Connecticut (but not Massachusetts), seeks to prosecute his wife Barbara Bradley's negligence claims on a pro se basis together with his personal claim for loss of consortium.[1]  However, the Model Rule of Professional Conduct 3.7 forbids a lawyer from acting as an advocate at a trial where he is (or is likely to be) a necessary

---

[1] Barbara Bradley is nominally representing herself pro se. The right of a litigant in a civil matter to appear on a pro se basis is guaranteed by statute, 28 U.S.C. § 1654. It is, however, evident that Michael Bradley under the guise of prosecuting his consortium claim fully intends to play the role of lawyer for his wife. This he may not do. *See Myers v. Loudon County Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (One pro se plaintiff may not represent another).

witness unless the testimony relates to an uncontested issue or disqualification of the attorney would work substantial hardship on the client. "When the attorney is called to the stand by his client's opponent, the concerns are just as substantial, if not more." *Ahern v. Scholz*, 85 F.3d 774, 791 (1st Cir. 1996).

> There are significant reasons why trial counsel should not be able to testify at trial, no matter for which party counsel testifies.
>> The principal ethical considerations to a lawyer testifying on behalf of his client regarding contested issues are that the client's case will "be presented through the testimony of an obviously interested witness who is subject to impeachment on that account; and that the advocate is, in effect, put in the unseemly position of arguing his own credibility."

*Id.*, quoting *Siguel v. Allstate Life Ins. Co.*, 141 F.R.D. 393, 396 (D. Mass. 1992), quoting ABA Comm. on Ethics and Professional Responsibility, Formal Op. 339 (1975).

That Michael Bradley is a necessary witness in this matter is not disputed. He has made clear that he intends to testify to crucial aspects of wife's case, including numerous direct conversations with the defendant, Dr. Sugarbaker, many of them of a confrontational nature that bear directly on issues of credibility. He is also noticed on the defendant's witness list as the third witness to be called by defendant at trial.

To avoid the confusion that would otherwise flow from a joint trial in which

Michael Bradley plays the alternating roles of litigant, attorney, and key witness (whose credibility it is clear will be very much at issue), the court will allow the motion in limine and order that any trial of Michael Bradley's consortium claim follow the separate trial of Barbara Bradley's medical malpractice claim. The court further rules that because Michael Bradley is not licensed to appear in this court, he is not permitted to sit at counsel table during the trial of his wife's case. He will also not be permitted to make opening or closing statements to the jury, nor to examine the witnesses at the trial.

The court understands that Barbara Bradley may not have fully understood the full consequences of proceeding pro se, particularly in a medical malpractice case in which the proof of a claim in almost all cases involves the presentation of expert medical testimony and the cross-examination of expert witnesses. The court is therefore disposed to postpone the trial in order to give Barbara Bradley a sufficient opportunity to prepare her case or to hire an attorney who is able to represent her in this matter.[2]

ORDER

---

[2] No showing of substantial hardship has been made (such as the suggestion that Barbara Bradley is unable to afford an attorney or to enter a contingency agreement with an attorney willing to represent her).

For the foregoing reasons, defendant's motion in limine to bifurcate claims is ALLOWED subject to the additional terms and conditions set out in this opinion.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE